1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

RONALD L. BASKETT,

           Plaintiff,

    v.

KEVIN BOVENKAMP,

           Defendant.

Case No. C06-5150RJB

ORDER TO AMEND THE
COMPLAINT

This civil rights action has been referred to the undersigned Magistrate Judge pursuant to Title 28 U.S.C. § 636(b)(1)(B).  Plaintiff was given leave to proceed *in forma pauperis*.  Plaintiff alleges defendant Bovenkamp is a regional administrator for the Washington State Department of Corrections.  Plaintiff alleges he asked defendant Bovenkamp for a new probation officer because he alleged an unlawful seizure against the officer assigned to him.  The request was not honored and plaintiff filed this action alleging a due process violation.  (Dkt. # 3).

The Court, having reviewed plaintiff's complaint, and the balance of the record contained herein, does hereby find and ORDER as follows:

(1) The Court declines to order that plaintiff's complaint be served on defendant until he corrects the deficiencies identified below:

(a) In order to state a claim under 42 U.S.C. § 1983, a complaint must allege that (1) the conduct complained of was committed by a person acting under color of state law and that (2) the conduct deprived a person of a right, privilege, or immunity secured by the Constitution or laws

ORDER

1   of the United States. <u>Parratt v. Taylor</u>, 451 U.S. 527, 535 (1981), *overruled on other grounds*,

2   <u>Daniels v. Williams</u>, 474 U.S. 327 (1986). Section 1983 is the appropriate avenue to remedy an

3   alleged wrong only if both of these elements are present. <u>Haygood v. Younger</u>, 769 F.2d 1350, 1354

4   (9th Cir. 1985), cert. denied, 478 U.S. 1020 (1986).

5        (b)  In addition, plaintiff must allege facts showing how individually named defendants caused

6   or personally participated in causing the harm alleged in the complaint. <u>Arnold v. IBM</u>, 637 F.2d

7   1350, 1355 (9th Cir. 1981). A defendant cannot be held liable under 42 U.S.C. § 1983 solely on the

8   basis of supervisory responsibility or position. <u>Monell v. New York City Dept. of Social Services</u>,

9   436 U.S. 658, 694 n.58 (1978). A theory of *respondeat superior* is not sufficient to state a § 1983

10  claim. <u>Padway v. Palches</u>, 665 F.2d 965 (9th Cir. 1982).

11       (c) It does not appear plaintiff has alleged a constitutional violation.  Plaintiff may not dictate

12  who his probation officer is and he had no liberty or property interest to which due process attaches.

13  The concept of due process derives from the Fourteenth Amendment which states in pertinent part:

14       nor shall any State deprive a person of life, liberty or property, without due process of
         law.

15

16  U.S. Const. Amend XIV.

17       (d)  Plaintiff has no liberty or property interest in who his probation officer is.  Therefore he

18  has failed to state a claim against defendant Bovenkamp.

19       (2) Plaintiff is instructed to file an amended complaint curing, if possible, the

20  above-mentioned defect by May 26th, 2006. If an amended complaint is not timely filed, or if plaintiff

21  fails to adequately correct the deficiencies identified in this Order, the Court will recommend

22  dismissal of this action as frivolous.

23       (3) The Clerk is directed to send plaintiff a copy of this Order and the General Order.

     DATED this 21st day of April, 2006.

24

25                                       <u>*/S/ J. Kelley Arnold*</u>
                                         J. Kelley Arnold

26                                       United States Magistrate Judge

27

28  ORDER